UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AMILTON ALVES DA SILVA, AND SMOKERISE BUILDERS, LLC<br><br>Defendants. | C.A. NO.:   2:26-cv-02356-RMG<br><br><br>**COMPLAINT**<br>**(NON-JURY)** |

COMES NOW, the Plaintiff above named, Liberty Mutual Insurance Company ("Liberty"), complaining of the Defendants above named, alleges and states that:

### Introduction, Jurisdiction, & Parties

1. Liberty Mutual Insurance Company is a corporation organized and existing under the laws of the Commonwealth of Massachusetts qualified to do business in South Carolina, which was, at all times referred to herein, having its principal place of business in the State of Massachusetts.

2. Defendant, Amilton Alves Da Silva ("Da Silva") is, upon information and belief, a citizen and resident of Federative Republic of Brazil.

3. Defendant, Smokerise Builders, LLC ('Smokerise") is a South Carolina limited liability company that is registered and qualified to conduct business in the State of South Carolina.

4. Defendant Smokerise and Defendant Da Silva are hereinafter collectively, sometimes referred to as "Defendants".

5. Upon information and belief, this Court has both personal and subject matter jurisdiction over this matter and venue is proper in the Charleston Division of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1332 as the action is

1

between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of costs and interest. Upon information and belief, an actual case and controversy exists regarding the existence, applicability, and scope of any insurance coverage allegedly owed by Liberty to Smokerise for which coverage and benefits are sought arising out of a lawsuit filed in Charleston County, South Carolina as will be further explained *infra*.

6. This action is brought pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201 (Supp. 2002) and seeks a declaration that Liberty owes no coverage, defense, indemnity, payment, or other obligations in connection with the underlying lawsuit and resulting judgment between Defendants.

7. Venue is proper in this Division pursuant to 28 USC § 1391(b)(1)-(2) as one or more Defendants reside in counties within this Division and the most substantial part of the events giving rise to this claim occurred in a county within this Division.

### Factual Allegations

8. Upon information and belief, on or about September 3, 2018, Smokerise sought to procure, in relevant part, a commercial general liability policy, as well as a workers' compensation and employers liability policy with Liberty.

9. The Soliciting Producer for the Application was Chris Bagwell Insurance, LLC ("CBI").

10. CBI issued a Certificate of Insurance ("COI") dated September 3, 2018, which identified Liberty as the sole insurer or the coverages listed therein. (A copy of the Certificate of Insurance is attached as Exhibit A and incorporated by reference).

11. South Carolina law applies to the interpretation of the COI.

12. The COI identifies a commercial general liability policy bearing policy number 59144516 that was in effect from September 3, 2018, through September 3, 2019. The policy identified indicated coverage for a per occurrence limit of $1,000,000.00.

13. The COI identifies a workers' compensation and employment liability policy bearing policy number 2018-0007511 that was in effect from September 3, 2018, through September 3, 2019. The policy identified indicated coverage of $500,000.00 per accident.

14. The COI states in relevant part:

> "**THIS CERTIFICATE IS ISSUED AS a matter of information only and confers no right upon the certificate holder…. This certificate of insurance does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder**."

15. Upon information and belief, notwithstanding the issuance of the COI, no corresponding commercial general liability policy bearing policy number 59144516 was ever issued, delivered, accepted, activated, or otherwise placed in force by Liberty for Smokerise.

16. Upon information and belief, notwithstanding the issuance of the COI, no corresponding workers' compensation and employers' liability policy bearing policy number 2018-0007511 was ever issued, delivered, accepted, activated, or otherwise placed in force by Liberty for Smokerise.

17. Upon information and belief, CBI issued the COI to Smokerise based upon a quote and/or application for coverage, and not based upon any Liberty policy that had been issued, delivered, accepted, activated, or otherwise placed in force for Smokerise.

18. Upon information and belief, after the quote and/or application was generated, Liberty's underwriting division advised CBI that Liberty would not issue a commercial general liability or workers' compensation and employers' liability coverage to Smokerise.

19. Upon information and belief, Liberty declined to issue coverage to Smokerise due to an outstanding audit and/or non-compliance issues associated with prior Liberty policies involving Smokerise.

20. The policy numbers identified on the COI were never issued by Liberty and were never in force.

21. Liberty did not issue, deliver, accept, activate, or otherwise place in force any commercial general liability policy, workers compensation and employers' liability policy, or other policy of insurance to Smokerise arising from the quote, application, or COI referenced *supra*.

22. On November 3, 2021, Amilton Alves Da Silva commenced a lawsuit in Charleston County, South Carolina styled as: Amilton Alves Da Silva v. John Patrick Hennis, et al, C/A. No.: 2021-CP-10-05040.

23. On November 4, 2021, the lawsuit was amended. (hereinafter "the Underlying Lawsuit"). (A Copy of the Underlying Lawsuit is attached as Exhibit B). The Underlying Lawsuit is adopted by reference as if fully set forth herein.

24. The Underlying Lawsuit alleged two causes of action against Smokerise, to wit: 1) Negligence/Gross Negligence; and 2) Negligent Hiring and/or Supervision. The Underlying Lawsuit was never provided to Liberty seeking a defense for Smokerise.

25. The Underlying Lawsuit alleged that Smokerise acted improperly with regard to certain construction activities performed at the property known as 1125 Harts Bluff Road, Wadmalaw, in Charleston County, South Carolina (hereinafter referred to as "the Property"). The Underlying Lawsuit alleged, in relevant part, that as the result of Smokerise's negligence and/or negligent supervision at the Property, Plaintiff fell through

an opening in a floor, resulting in serious bodily injury on or about November 4, 2018 (the "Incident").

26. Upon information and belief, at the time of the Incident, Smokerise was not insured under any policy of insurance issued, delivered, accepted, activated, or otherwise placed in force by Liberty.

27. On December 22, 2021, Proof of Service was filed evidencing the Underlying Lawsuit was served upon Smokerise on December 15, 2021. (A copy of the Proof of Service and associated Affidavit of Service are attached as Exhibit C). The Underlying Lawsuit was never provided to Liberty for a defense or indemnity.

28. On January 31, 2022, the Honorable Jennifer B. McCoy issued an Order on Entry of Default as to Smokerise. (A copy of the Entry of Default is attached as Exhibit D).

29. On January 29, 2026, the Honorable Mikell R. Scarborough entered an Order of Judgement against Smokerise in the amount of Three Million Four-Hundred and Fifty Thousand Dollars ($3,450,000.00). (A copy of the Order of Judgement against Smokerise is attached as Exhibit E).

30. On May 28, 2026, a demand letter was sent to Liberty Mutual seeking payment of a portion of the judgment entered in the Underlying Lawsuit based upon the COI. Liberty has denied any obligation to pay any portion of the judgment as no policy was issued by Liberty. This has been conveyed to the attorneys for Da Silva, but at this juncture it is unclear whether Da Silva's counsel accepts Liberty's position on this issue. Thus, upon information and belief, an actual case and controversy exists between the parties.

31. Liberty now seeks declaratory relief that it is not required to defend, indemnify, provide coverage, make payment, or otherwise afford any benefits to Smokerise in connection with the Underlying Lawsuit.

32. Liberty brings this action seeking a declaration from this Honorable Court that, because no policy of insurance was issued, delivered, accepted, activated, or otherwise placed in force so as to provide coverage to Smokerise at the time of the Incident, Liberty is not required to defend, indemnify, provide coverage, make payment, or otherwise afford any benefits to Defendants in connection with the Underlying Lawsuit and subsequent judgement.

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment Action)**

33. Liberty re-alleges and re-avers the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

34. Liberty is informed and believe that this Honorable Court has the power pursuant to 28 U.S.C. § 2201 to decide and determine the issues presented in this action and may enter a final judgment with respect to these issues.

35. Upon information and belief, no coverage exists under any policy issued by Liberty for the acts and/or omissions alleged against Smokerise in the Underlying Lawsuit. Accordingly, Liberty is entitled to an Order and judgment declaring that it has no duty or obligation to defend, indemnify, provide coverage, make payment, or otherwise afford any benefits to the Defendants in connection with the Underlying Lawsuit, any claims asserted therein, or any judgment, settlement, award, or other obligation arising therefrom.

36. WHEREFORE, Liberty prays that this Honorable Court issue an Order declaring that it is under no obligation or duty to defend and/or indemnify the Defendants in any manner

regarding the Underlying Lawsuit, or any judgment arising therefrom, and for such other and further relief as this Honorable Court may deem just and proper.

Dated this <u>17th</u> day of June, 2026.

WALL TEMPLETON & HALDRUP, P.A.

<u>s/Morgan S. Templeton</u>
Morgan S. Templeton  (Fed ID # 7187)
145 King Street, Suite 300
Post Office Box 1200
Charleston, South Carolina 29402
Telephone: (843) 329-9500
Attorney for the Plaintiff